1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT BROWN,                        )   Case No. CV 13-457-SVW (SP)
                                     )
                 Plaintiff,          )   MEMORANDUM AND ORDER
                                     )   DISMISSING ACTION FOR FAILURE
         v.                          )   TO PROSECUTE
                                     )
LOS ANGELES POLICE                   )
DEPARTMENT,                          )
                                     )
                 Defendant.          )
_____

**I.**

**PROCEEDINGS**

On January 29, 2013, pro se plaintiff Robert Brown filed a civil rights complaint in this Court against the Los Angeles Police Department ("LAPD").  Plaintiff alleges he was wrongly arrested based on false allegations of fighting and also wrongly arrested for trespassing.

The Court issued its initial order in this case on February 1, 2013, in which the Court advised plaintiff that it was screening the complaint pursuant to 28 U.S.C. § 1915(e)(2).  The Court also advised plaintiff that "plaintiff must _immediately_ notify the court (and defendants or defendants' attorneys) of any change in plaintiff's address and the effective date.  If plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim.  Specifically, the Court found: (1) the complaint failed to state a claim against the sole defendant, LAPD, because it failed to allege any acts by LAPD; (2) the complaint failed to state a claim pursuant to *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); and (3) the complaint failed to state a claim for unlawful arrest. Accordingly, on March 4, 2013, the Court issued an order dismissing the complaint with leave to amend.  If plaintiff wished to pursue this action, he was ordered to file a First Amended Complaint by April 3, 2013 curing the deficiencies discussed in the dismissal order.  The order expressly admonished plaintiff that, if he failed to timely file a First Amended Complaint, the Court may recommend that this action be dismissed.

On March 15, 2013, the copy of the Court's March 4, 2013 order dismissing the complaint that was mailed to plaintiff at his address of record was returned to the Court as undeliverable.  Accordingly, on March 19, 2013, the Court issued an order to show cause ("OSC"), ordering plaintiff to show cause in writing by April 2, 2013 why the complaint should not be dismissed for failure to prosecute and/or comply with a court order.  The Court cautioned plaintiff that failure to timely file a response to the OSC may be deemed as consent to the dismissal of the action without prejudice.  The copy of the

2

OSC mailed to plaintiff at his address of record was also returned to the Court as undeliverable, on March 27, 2013.

Plaintiff failed to respond to the OSC by April 2, 2013 as ordered, and failed to file a First Amended Complaint by April 3, 2013.  The Court has not received any response or other communication from plaintiff since the filing of the complaint.

## II.

## DISCUSSION

The original complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's March 4, 2013 order dismissing the complaint with leave to amend.  But when the Court attempted to apprise plaintiff of the complaint's deficiencies, the order dismissing the complaint with leave to amend was returned to the Court as undeliverable.  Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies.  And plaintiff has failed to keep the Court informed of his current address, despite being directed to do so in the initial order sent to plaintiff just after he filed his complaint, so that the Court has no way to contact plaintiff.  Further, plaintiff has failed to respond to the OSC by the deadline to do so, perhaps not surprisingly since the OSC was also returned as undeliverable.  Plaintiff's failure to file a First Amended Complaint, to keep the Court apprised of his current address, or to respond to the Court's March 19, 2013 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to inform the Court of his current address, failed to file a First Amended Complaint as directed, and failed to respond to the Court's March 19, 2013 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendant here has not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendant is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's initial order or to respond to two additional court orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and

4

evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to inform the Court of his current address, to file a First Amended Complaint, and to respond to the Court's March 19, 2013 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) advising plaintiff in its initial order that if plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed; (2) cautioning plaintiff in its March 4, 2013 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (3) after the dismissal order was returned as undeliverable, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (4) even after the OSC was returned as undeliverable, waiting more than two weeks beyond the deadlines to

respond to the OSC and file a First Amended Complaint before issuing this order.  Two of these actions by the Court took place after plaintiff was in noncompliance with the February 1, 2013 initial order.  *See Pagtalunan*, 291 F.3d at 643 & n.4 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic alternatives prior to a party's noncompliance with court order will not satisfy factor, despite implied holdings of earlier cases).  Plaintiff has failed to inform the Court of where he may be reached, and has not communicated with the Court in any fashion since he filed the complaint. Further, dismissal without prejudice is less drastic than dismissal with prejudice.  As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to prosecute and to obey court orders.

### III.

### ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: April 30, 2013

_____

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE